**Gilbert R. SCHMERLER, Plaintiff,**

v.

**FEDERAL BUREAU OF INVESTIGATION, Defendant.**

**Civ. A. No. 87–3101.**

United States District Court, District of Columbia.

Dec. 9, 1988.

---

Gilbert R. Schmerler, Fort Lee, N.J., pro se.

Philip J. Lindenmuth, Office of Information and Privacy, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

GESELL, District Judge.

This Freedom of Information Act case concerns the necessity of withholding names of sources more than fifty years after the event in question. The underlying facts concern the murder of the plaintiff's aunt, Henrietta Schmerler, on an Apache Indian Reservation, and the subsequent investigation of the murder by the Federal Bureau of Investigation.

On September 29, 1988, 696 F.Supp. 717, the Court issued a Memorandum and Order, remanding this case to the Federal Bureau of Investigation for further consideration, and ordering the Bureau to submit to the Court, by November 15, 1988, an affidavit stating, among other things, any affirmative injuries that would occur from the release of the names of any friends or academic colleagues of the plaintiff's deceased aunt, Henrietta Schmerler. The Court is in receipt of that affidavit, from Emil Moschella, Chief of the Freedom of Information and Privacy Acts Section of the Records Management Division at the FBI Headquarters, who has had significant experience as a special agent and would be in a position to ascertain any likely damage from the release of names of sources from interviews given over fifty years ago. The Court also has before it the Defendant's Motion for Reconsideration, the Plaintiff's Opposition, the Defendant's Reply brief, and copies of the documents that contain redactions.

Since the Court's prior Memorandum, substantial progress has been made in the case. In light of the Memorandum, the Bureau has released to the plaintiff the remaining thirty-one pages of the Henrietta Schmerler file, with only the names of eight sources deleted, and it even released the names of three remaining FBI Special Agents. It recognizes the case as being one of historical interest. Plaintiff does not insist on having the names of Apache sources, the Apache interpreter, former graduate students, or low-level Anthropology Department personnel, who may still be alive. Moreover, the Bureau's continued withholding of the names of sources at the reservation appears to be justified, in light of the express and implied assurances of confidentiality that were given, and because these interviews were very directly related to solving the crime.

Plaintiff, however, continues to seek the names of leading academicians in the Anthropology Department at Columbia who gave information to the FBI, if they are in fact being redacted. Plaintiff has notified the FBI of the death of several such persons whom he believes may have been sources, and seeks to confirm his hunches.

The Court found in its prior Memorandum that death should weigh in favor of disclosure with respect to the victim's friends, professors, and academic colleagues, and shifted the burden to the defendant to show affirmative injury from the release of the name. (*Memorandum*, at 721). In its prior Memorandum, based on an *in camera* review of the documents, the Court strongly suggested that there

was a distinction between friends, professors, and academic colleagues who, in effect, gave background information of general historical interest, on the one hand, and those who were direct sources of information relating to the murder on the other hand. However, the FBI continues to ask to withhold this information, stating generally that the FBI sought information in the early 1930's under an assumption of confidentiality, even when the sources were in the nature of a character assessment of the victim. It states that its need to develop the facts of the cases from *all* sources depends on a perpetual promise of confidentiality, and that if these names were released, it would send a

clear message to potential sources of information that their expectations of confidentiality are temporal and that the government at some undefined point in the future may renege on its promises of confidentiality. Such a development would have a highly detrimental effect on the operations of the FBI today. (Moschella Affidavit at 9.)

There is no evidence that confidentiality was promised to the Columbia University professors.

Although the then-Director of the FBI and his agents widely publicized their sources, the Bureau contends that the confidentiality of sources from Columbia was essential, so that it could develop information about Ms. Schmerler's reputation and Indian customs in anticipation of certain defenses that might be introduced at trial. The FBI's affidavit overstates the likely consequences of releasing the names of Schmerler's professors in this case, and it does not meet the Court's prior concern that:

The alleged incentive effects which the Bureau still asserts in boilerplate fashion are not satisfactorily documented in the present context, and the Bureau must particularize its precise concerns. (Memorandum at 720, filed Sept. 29, 1988.)

Even if the Bureau needed then and still needs to rely on character witnesses to be able to develop cases fully, the FBI has not demonstrated that release of the names of those who gave this information will, at this late date, dry up character sources today. The Court has already indicated the distinctive nature of these names: (1) they are of historic importance; (2) they offered no clues to the murder; (3) the speakers did not expose themselves to any possible danger by speaking to the FBI; (4) 57 years have passed since the murder; (5) the persons at issue have died; and (6) the FBI now guards the details of its investigations much more scrupulously than it did in 1931, so expectations of privacy among sources were low or nonexistent then. Contrary to the defendant's suggestion, the Court is not setting forth a specific time limitation on the (7)(D) exemption of 5 U.S.C. § 552(b). The public interest balances heavily in the opposite direction.

An appropriate Order is filed herewith.

### ORDER

For the reasons set forth in the Court's Memorandum filed this day, it is hereby

ORDERED that the FBI shall release the names of those professors and Deans associated with Ms. Schmerler at Columbia University whom Mr. Schmerler has shown have died; and it is further

ORDERED that the defendant's Motion for Reconsideration is denied.